IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK and DENISE MERRILL,<br>individually and<br>as husband and wife, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 12-1328 |
| v. | )<br>) |
| STATE FARM FIRE AND<br>CASUALTY COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

MEMORANDUM

Gary L. Lancaster,                                        February 13, 2013
Chief Judge.

This is an insurance coverage action. Plaintiffs, Mark

and Denise Merrill (the "Merrills"), allege that defendant,

State Farm Fire and Casualty Company ("State Farm"), improperly

refused to pay for damages to their home allegedly caused by a

storm.    The Merrills have asserted claims for (1) breach of

contract (Count I); (2) breach of the duty of good faith and

fair dealing (Count II); (3) statutory bad faith under 42 Pa.

Cons. Stat. Ann. § 8371 ("section 8371") (Count III); and

(4) violation of the Pennsylvania Unfair Trade Practices and

Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201-1,

et seq. (Count IV).

State Farm filed a motion to dismiss Counts II, III,

and IV pursuant to Federal Rule of Civil Procedure 12(b)(6) or,

in the alternative, a motion to strike paragraphs 34, 38, and 41

pursuant to Rule 12(f) [doc. no. 5]. For the reasons set forth below, State Farm's Rule 12(b)(6) motion will be granted and the case remanded to the Court of Common Pleas of Westmoreland County, Pennsylvania. Because the court no longer has subject matter jurisdiction, we refrain from ruling on State Farm's Rule 12(f) motion to strike paragraphs 34, 38, and 41 of the complaint.

## I.    BACKGROUND

This action arises out of an insurance claim for property damage, which the Merrills submitted to State Farm in 2011.    The property is located at 9780 Downing Place, N. Huntington, Pennsylvania. On March 23, 2011, the Merrills' home sustained damage allegedly as the result of a tornado, high winds, and hail.    At the time, the Merrills maintained a homeowner's insurance policy with State Farm that provided benefits for property damage caused by a weather event. Pursuant to the policy, the Merrills filed a claim with State Farm.    On or about September 2, 2011, State Farm employee, Independent Adjuster Robert Todd Somers ("Somers"), inspected the Merrills' home and found minor damage to one pipe boot. Somers determined the amount of damage to be $319.45, which is below the Merrills' deductible of $500.00.    The Merrills subsequently informed State Farm that their home sustained

damages in excess of those assessed by Somers, noting that many homes in the same neighborhood were getting new roofs as a result of the same weather event. State Farm informed them, however, that there would be no payments made for their home.

The Merrills retained the services of a public adjuster, Michael Vestal ("Vestal"), to assist with their insurance claim. Vestal prepared a proof of loss statement, which set damages to the Merrills' home at $22,647.00 [doc. no. 1-7 at ex. 4]. The proof of loss statement does not set forth any details regarding the location of or type of damage, but states that the origin of the loss was "hail." State Farm eventually referred the Merrills' claim to an independent adjustor, Michael St. John ("St. John"), for further claims handling. According to correspondence attached to the complaint [doc. no. 1-7 at ex. 5], Vestal and St. John communicated regarding performance of an additional inspection of the property, but were unable to agree upon a date. State Farm attached to its reply brief a report prepared by roofing consultant Mark Barlow following his inspection of the property on June 21, 2012, which resulted in a finding of no hail damage to the roof [doc. no. 10-2 at 22].

On August 21, 2012, the Merrills commenced this action in the Court of Common Pleas of Westmoreland County, Pennsylvania. State Farm timely removed the case to this court

3

and filed the instant motion to dismiss. The complaint alleges
four counts: breach of contract (Count I), breach of duty of
good faith and fair dealing (Count II), statutory bad faith
under 42 Pa. Cons. Stat. Ann. § 8371 (Count III), and violation
of the UTPCPL (Count IV).

State Farm moves to dismiss Counts II, III, and IV of
the complaint pursuant to Rule 12(b)(6) of the Federal Rules of
Civil Procedure. Specifically, State Farm argues that Count II
(breach of duty of good faith and fair dealing) is barred by the
gist of the action doctrine and subsumed by the breach of
contract claim. With regard to Count III (statutory bad faith),
State Farm contends that the Merrills have failed to plead
factual matter sufficient to state a plausible claim.   As to
Count IV (violation of UTPCPL), State Farm argues that: (1) the
claim is based on nonfeasance, rather than misfeasance, which is
not actionable under the UTPCPL; (2) the Merrills failed to
allege an actionable claim under the provisions of the UTPCPL on
which they rely; and/or (3) the Merrills failed to plead factual
matter sufficient to state a plausible claim under the UTPCPL.

## II.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be
mindful that federal courts require notice pleading, as opposed
to the heightened standard of fact pleading. Federal Rule of

4

Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Iqbal, 556 U.S. at 675). Next, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id.; Iqbal, 556 U.S. at 679. Finally, "where there are well-

5

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. (internal quotation omitted).

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

6

## III. DISCUSSION

### A. Breach of Duty of Good Faith and Fair Dealing (Count II)

State Farm argues that the Merrills' claim for breach of duty of good faith and fair dealing (Count II) is barred by the gist of the action doctrine because the Merrills' relationship with State Farm is based solely upon the insurance contract between the parties. The Merrills respond that Pennsylvania courts have recognized a duty to act in good faith in the context of "the relationship between insurer and insured." The question here is not whether a duty of good faith and fair dealing exists, but whether that cause of action exists independently from the Merrills' breach of contract claim (Count I). The court finds that it does not.

The existence of a contract between parties does not automatically preclude one party from bringing a tort claim against the other. See Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir. 2001). However, the gist of the action doctrine "operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims." Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. Ct. 2003). "The critical conceptual distinction between [a contract claim and a tort claim] is that the former arises out of 'breaches of duties imposed by mutual consensus

7

agreements between particular individuals,' while the latter arises out of 'breaches of duties imposed by law as a matter of social policy.'" Erie Ins. Exch. v. Abbott Furnace Co., 972 A.2d 1232, 1238 (Pa. Super. Ct. 2009) (quoting Reardon v. Allegheny College, 926 A.2d 477, 486-87 (Pa. Super. Ct. 2007)).

The doctrine has been interpreted to bar tort claims (i) that arise solely from a contract; (ii) where the alleged duties that are the basis of the negligence claim are based on a contract; (iii) where liability, if any, flows from a contract; and/or (iv) where the tort claim "essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 19 (Pa. Super. Ct. 2002). To classify a claim as a tort action, "the wrong ascribed to defendant must be the gist of the action, the contract being collateral." Id. at 15 (citations omitted).

Here, the Merrills base their claim for breach of duty of good faith and fair dealing on State Farm's alleged "refus[al] to provide [insurance] coverage under the terms of the [insurance] agreement" [doc. no. 1-7 ¶ 38(a)]. The only source cited by the Merrills for this duty is the insurance policy, i.e., a contract. Thus, the only source of a duty owed to the Merrills is a contract between the parties and nothing more. Indeed, but for the insurance policy State Farm issued to

8

the Merrills, there would be no relationship between the parties and State Farm would owe no obligations to the Merrills. See Kojeszewski v. Infinity Ins. Co., No. 06-1261, 2006 WL 3143445, at *3 (M.D. Pa. Oct. 31, 2006) (insurers do not have a general affirmative social duty to provide insurance coverage to the public and any duty breached by the insurer must arise out of an insurance contract with the insured). The contract, therefore, is not collateral to the Merrills' claim for breach of duty of good faith and fair dealing. Rather, the insurance policy between the Merrills and State Farm is integral to the Merrills' claim. For these reasons, the Merrills' breach of duty of good faith and fair dealing claim fails as a matter of law. Accordingly, State Farm's motion to dismiss Count II of the complaint will be granted, with prejudice, because amendment would be futile.

### B. Statutory Bad Faith (Count III)

State Farm argues that the Merrills' bad faith claim fails because the allegations in the complaint consist entirely of conclusory phrases and boilerplate language, which are insufficient for a showing of bad faith. The court agrees.

Under section 8371, if the court finds that an insurer has acted in bad faith toward an insured in an action arising under an insurance policy, the court may take all of the following actions:

9

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. The phrase "bad faith" is not defined in section 8371, but courts have defined it in the insurance context to mean "any frivolous or unfounded refusal to pay proceeds of a policy." Terletsky v. Prudential Property and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (citation omitted). See also Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (stating that "[w]e have predicted that the Pennsylvania Supreme Court would define the term according to the definition set forth by the Pennsylvania Superior Court" in Terletsky).

To establish a bad faith claim against an insurer, the plaintiff must show that the insurer "did not have a reasonable basis for denying benefits under the policy and that [the insurer] knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." Terletsky, 649 A.2d at 688. The insurer's conduct does not need to be fraudulent, but "mere negligence or bad judgment" is insufficient to establish bad faith. Terletsky, 649 A.2d at 688; Babayan, 430 F.3d at 137. The insured "must ultimately show that the insurer

breached its duty of good faith through some motive of self-interest or ill will." Babayan, 430 F.3d at 137 (citations omitted).

To successfully plead a cause of action under section 8371, mere insinuations of bad faith are not sufficient. See Brewer v. U.S. Fire Ins. Co., 446 F. App'x 506, 510 (3d Cir. 2011) (affirming dismissal of plaintiff's bad faith claim as against the weight of the evidence) (citation omitted). To recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. Id. "Mere negligence or bad judgment is not bad faith." Id. Consistent with the pleading standards set forth in Twombly and Iqbal, "conclusory" or "bare-bones allegations" of bad faith will not survive a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Here, State Farm argues that the Merrills "conclude, without any supporting facts, that State Farm acted in bad faith" [doc. no. 6 at 9]. The Merrills respond that the complaint lists fourteen "separate allegations of [b]ad [f]aith conduct" [doc. no. 9 at 5]. They allege generally, inter alia, that State Farm acted in bad faith by: (1) engaging in unreasonable bad faith claims handling practices with respect to

11

the property damage claim; (2) engaging in unreasonable bad faith investigative practices with respect to the property damage claim; (3) their "unreasonable, frivolous and unfounded refusal to pay [the Merrills] for the property damaged sustained"; and (4) intentionally, maliciously, recklessly and unreasonably engaging in a course of conduct to deprive them of benefits [doc. no. 1-7 ¶ 41(a)-(m)).

The Merrills have supported their claim under section 8371 almost exclusively with conclusory allegations and bare-bones insinuations. The Merrills' allegations do not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). These types of generalized accusations, without supporting facts setting forth "who, what, where, when, and how" the alleged bad faith occurred, are insufficient. Liberty Ins. Corp. v. PGT Trucking, Inc., Civ. A. No. 11-151, 2011 WL 2552531, at *4 (W.D. Pa. Jun. 27, 2011). The complaint fails to plead facts to show which of the laundry list of fourteen accusations are even applicable, or that State Farm lacked a reasonable basis for its actions.

The same is true of the Merrills' contention that State Farm "has engaged in the same or similar pattern of behavior by sending employees/adjusters to the homes of many of

their policy holder's homes with the intent to underestimate the amount of damages caused by the same storm as to allow for lower claims costs" [doc. no. 1-7 ¶ 46]. According to the Merrills' response brief, St. John was an adjuster in Timothy v. State Farm Fire & Cas. Co., No. 12-CV-732, 2012 WL 3648454 (W.D. Pa. Aug. 23, 2012). There, the court addressed a similar set of facts arising out of the same weather event and ultimately dismissed plaintiffs' bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]   Timothy, 2012 WL 3646454 at *6. The Merrills contend that, after the Timothy court dismissed the case, a subsequent adjuster determined that the Timothys' property had, in fact, sustained damages despite St. John's findings of no damage [doc. no. 9 at 6]. Thus, the Merrills allege that "[i]t is very likely that [State Farm] will not send another individual to [their] home until after this [court] rules on this motion because of the likelihood damages will be found. This would prove that St. John once again ignored obvious damage to a policy holder's home" [doc. no. 9 at 7]. In response, State Farm contends that an additional inspection of the Merrills' property has already been completed [doc. no. 10 at 2]. State Farm attached the report and photographs from that inspection to its reply brief [doc. no. 10-2].

---

[1] Counsel for the Merrills also represents the Timothys. The case is currently on appeal in the Court of Appeals for the Third Circuit at No. 12-3639.

Based on the court's review of Vestal's proof of loss statement, which the Merrills attached to the complaint as support for their allegation that State Farm ignored obvious damage to their home [doc. no. 1-7 at Ex. 4], we can find no basis or support for the claimed loss of $22,647.00. The proof of loss statement contains no actual details or information to support the amount set forth on the statement. The court, thus, finds that the Merrills' conclusory statements regarding State Farm's alleged "pattern of behavior" of undervaluing claims for property damage are unsubstantiated by any actual facts.

Similarly, the Merrills' claim that State Farm "has attempted to deceive the Plaintiffs by having their employees sign letters to Plaintiffs and other policy holders with the title 'Independent Adjuster' when the employees were clearly not independent and were in fact employees of Defendant" [doc. no. 1-7 ¶ 49]. The court finds, as did the court in Timothy, that the two letters from St. John, which the Merrills attached to the complaint, indicate otherwise. First, both of the letters from St. John are written on State Farm letterhead, which conspicuously displays the State Farm logo and address. In addition, both of the letters include language indicating that St. John was working for, or on behalf of, State Farm (e.g., "please be advised **we** are still prepared to comply," "[it] must be understood that **our** investigation and actions . . . ," "[t]he

14

**Company** does not intend. . . .") St. John's signature is also followed by the designation, "Independent Adjuster," and the name of the company. The court, thus, finds that the Merrills' conclusory allegations regarding State Farm's alleged deceit are insufficient to state a claim for bad faith under section 8371.

Although the issue of whether State Farm breached its insurance agreement with the Merrills may warrant further factual development, the complaint is devoid of facts sufficient to make out a plausible claim that State Farm acted in bad faith. Accordingly, the court will grant State Farm's motion to dismiss Count III of the complaint, without prejudice.

## C. Violation of UTPCPL (Count IV)

State Farm contends that the Merrills' UTPCPL claim must be dismissed because: (1) the claim is based on allegations of nonfeasance, which are not actionable under the UTPCPL; (2) the Merrills have failed to allege an actionable claim under the section of the UTPCPL on which they rely; and/or (3) the Merrills have not pled sufficient facts to recover under the UTPCPL. The Merrills argue in response that the complaint lists "four separate and distinct misrepresentations that would constitute violation of the [UTPCPL]" [doc. no. 9 at 8]. Specifically, the Merrills allege that State Farm violated the following provisions of the UTPCPL:

15

> (1) § 201-2(4)(v): Representing that goods or services
>      have sponsorship, approval, characteristics,
>      ingredients, uses, benefits or quantities that
>      they do not have or that a person has a
>      sponsorship, approval, status, affiliation or
>      connection that he does not have;
>
> (2) § 201-2(4)(ix): Advertising goods or services with
>      intent not to sell them as advertised;
>
> (3) § 201-2(4)(xiv): Failing to comply with the terms
>      of any written guarantee or warranty given to the
>      buyer at, prior to or after a contract for the
>      purchase of goods or services is made;
>
> (4) § 201-2(4)(xxi): Engaging in any other fraudulent
>      or deceptive conduct which creates a likelihood of
>      confusion or of misunderstanding.

73 Pa. Stat. Ann. § 201-2(4)(v), (ix), (xiv), (xxi). As State

Farm spotlights in its brief, the provisions of the UTPCPL on

which the Merrills rely are all part of the "Definitions"

section. However, for purposes of deciding this motion, the

court will assume that the Merrills intended to cite section

201-3 as the relevant provision of the statute, which states

that "[u]nfair methods of competition and unfair or deceptive

acts or practices in the conduct of any trade or commerce as

defined by [section 201-2] are hereby declared unlawful."  73

Pa. Stat. Ann. § 201-3.

        The UTPCPL provides a private right of action to

"[a]ny person who purchases goods or services for personal,

family or household purposes and suffers any ascertainable loss

of money or property as a result of the use or employment by any

16

person of a method, act or practice declared unlawful" by the statute. 73 Pa. Stat. Ann. § 201-9.2. The law is designed to protect consumers from "fraud and unfair or deceptive business practices." Commonwealth ex rel. Corbett v. People's Benefit Svcs., Inc., 923 A.2d 1230, 1236 (Pa. Commw. Ct. 2007) (citation omitted). To this end, the UTPCPL specifically provides that certain practices constitute "unfair methods of competition" or "unfair or deceptive acts or practices," including the act of "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. Ann. §§ 201-2(4), 201-2(4)(xxi). It is well settled in Pennsylvania that in the insurance context, "only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UPTCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." Horowitz v. Federal Kemper Life Assur. Co., 57 F.3d 300, 307 (3d Cir. 1995) (citations omitted).

Here, as in Timothy, the complaint lists four examples of State Farm's alleged violations of the UTPCPL, none of which are sufficient to state a plausible claim. The first three allegations focus entirely on State Farm's failure to pay property damage benefits [doc. no. 1-7 ¶¶ 56(a)-(c)]. Because these allegations allege nonfeasance on the part of State Farm

17

rather than malfeasance, they are not actionable under the UTPCPL. See Horowitz, 57 F.3d at 307. As for the Merrills' allegation that State Farm engaged in "deceptive conduct which created the likelihood of confusion and misunderstanding" [doc. no. 1-7 ¶ 54(d)], the court has already determined that correspondence from St. John was not deceptive or misleading and finds the Merrills have alleged no other facts to support such a conclusory assertion.

Because the Merrills have failed to state an actionable claim under the UTPCPL, the court will grant State Farm's motion to dismiss Count IV of the complaint, without prejudice.

## D. Subject-Matter Jurisdiction

Pursuant to 28 U.S.C. § 1447(c), "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). Here, the only remaining claim is for breach of contract (Count I). For the reasons set forth above, Count II of the complaint will be dismissed, with prejudice, and Counts III and IV will be dismissed, without prejudice to the Merrills' right to file an amended pleading. Should the Merrills fail to amend, this case will be remanded, for lack of subject matter jurisdiction, to the Court of Common Pleas of Westmoreland

18

County, Pennsylvania because the amount in controversy will be substantially less than the diversity jurisdiction threshold of $75,000. 28 U.S.C. § 1332(a).

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [doc. no. 5] pursuant to Fed. R. Civ. P. 12(b)(6) is granted. Count II of the complaint is dismissed, with prejudice. Counts III and IV of the complaint are dismissed, without prejudice to plaintiffs' right to file an amended complaint. Should plaintiffs fail to amend the complaint, this case will be remanded to the Court of Common Pleas of Westmoreland County, Pennsylvania, without further action.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK and DENISE MERRILL,        )
individually and                )
as husband and wife,            )
                                )
            Plaintiffs,          ) Civil Action No. 12-1328
        v.                       )
                                )
STATE FARM FIRE AND              )
CASUALTY COMPANY,                )
                                )
            Defendant.           )

ORDER

AND NOW, this 13th day of February, 2013, upon
consideration of defendant's motion to dismiss [doc. no. 5], IT
IS HEREBY ORDERED THAT the motion is GRANTED, with prejudice, as
to Count II.

IT IS FURTHER ORDERED THAT the motion is GRANTED,
without prejudice, as to Counts III and IV. Plaintiffs have the
right to amend these counts of the complaint within fourteen
(14) days from the date of this Order. Should plaintiffs fail
to amend, this case will be remanded to the Court of Common
Pleas of Westmoreland County, Pennsylvania, without further
action.

IT IS FURTHER ORDERED THAT defendant's motion to
strike paragraphs 34, 38, and 41 of the complaint is DENIED,
without prejudice to defendant's right to re-raise this issue
should an amended pleading be filed.

BY THE COURT

_____, C. J.

cc:     All Counsel of Record